UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ROBERT M. BOWMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:25-cv-00002-RHH |
| EMILY UNKNOWN, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a complaint filed by Robert M. Bowman, an inmate at the Fulton Reception & Diagnostic Center in Fulton, Missouri. (ECF No. 1). Bowman filed the complaint while he was an inmate at the Pike County Detention Center in Bowling Green, Missouri. He indicates he filed the complaint on behalf of himself and the following 13 inmates: Thomas R. Spurlock, Bryan Smith, Christopher Couch, Reggie Martin, Darrin Grayer, Logan Fowler, Richard Follin, Jamerick Beckford, Lorenzo Ruiz Santis, Olubenga Oyesoko, Apolonio Fernandez, Terry Welch, and Charles St. Clair.

Bowman indicates his intent to seek class certification to assert claims related to allegedly unconstitutional conditions at the Pike County Detention Center. The claims concern matters such as the presence of hair and mold in food, the presence of mold in cells, and malfunctioning plumbing. Neither Bowman nor any other person named as a plaintiff has paid the $405 filing fee or moved for leave to proceed without prepaying such fee. Bowman did, however, file a motion seeking the appointment of counsel. (ECF No. 2). On January 10, 2025, Grayer, Martin, Welch, and St. Clair filed nearly identical "supplemental" documents to allege

infirmities in their criminal proceedings, and request help filing a habeas corpus action. (ECF Nos. 3-6).

It appears Bowman intends to assert 42 U.S.C. § 1983 claims on behalf of himself and the individuals listed, and represent their interests in this action. Federal law authorizes Bowman to plead and conduct his own case personally, *see* 28 U.S.C. § 1654, but he lacks standing to bring claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975). Additionally, because Bowman is not a licensed attorney, he cannot represent others in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986). Bowman may not appear as a class representative, either. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1769.1 (4th ed.) (". . . class representatives cannot appear pro se."). Finally, for the reasons explained in *Georgeoff v. Barnes*, this Court does not allow prisoners to jointly file a 42 U.S.C. § 1983 case. *See* No. 2:09-cv-00014-ERW, 2009 WL 1405497 (E.D. Mo. May 18, 2009).

The Court will strike Spurlock, Smith, Couch, Martin, Grayer, Fowler, Follin, Beckford, Ruiz Santis, Oyesoko, Fernandez, Welch, and St. Clair from this action. Those persons remain free to file § 1983 lawsuits based on the allegations in the instant complaint, but they must do so individually.

If Bowman wishes to proceed in this case on his own behalf, he must either pay the $405 filing fee, or file an Application to Proceed in District Court Without Prepaying Fees or Costs that is accompanied by a certified copy of his inmate account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a). The Court will give Bowman 30 days to comply. If Bowman chooses to file an Application to Proceed in District Court Without Prepaying Fees or Costs and the Court grants it,

the Court will assess an initial partial filing fee and order Bowman to pay it. *See* 28 U.S.C. § 1915(b). After Bowman pays the initial partial filing fee, he will be required to make monthly payments to the Court until the filing fee is paid in full. *Id.*

The Court now addresses Bowman's motion to appoint counsel. (ECF No. 2). Bowman has no constitutional or statutory right to appointed counsel. *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir.1996). Instead, district courts have broad discretion to decide whether the plaintiff and the court will benefit from the appointment of counsel. *Id.* The Court has reviewed the record in this case and considered Bowman's motion, and finds that no such benefit is apparent. The Court will therefore deny Bowman's motion to appoint counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall **STRIKE** the following plaintiffs from this action: Thomas R. Spurlock, Bryan Smith, Christopher Couch, Reggie Martin, Darrin Grayer, Logan Fowler, Richard Follin, Jamerick Beckford, Lorenzo Ruiz Santis, Olubenga Oyesoko, Apolonio Fernandez, Terry Welch, and Charles St. Clair. Additionally, in CM/ECF, the Clerk shall edit the style of this case to reflect that Robert M. Bowman is the only plaintiff.

**IT IS FURTHER ORDERED** that Robert M. Bowman's motion to appoint counsel (ECF No. 2) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, within 30 days of the date of this Memorandum and Order, Robert M. Bowman shall either pay the $405 filing fee, or file a fully-completed Application to Proceed in District Court Without Prepaying Fees or Costs that is accompanied by a certified copy of his inmate account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint.

3

**IT IS FURTHER ORDERED** that the Clerk shall mail to Bowman a copy of the Court's form Application to Proceed in District Court Without Prepaying Fees or Costs.

**Bowman's failure to timely comply will result in the dismissal of this case, without prejudice and without further notice.**

Dated this 5th day of February, 2025.

_____
RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE