UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT M. BOWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00002-RHH |
| | ) | |
| EMILY UNKNOWN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

In a Memorandum and Order dated February 20, 2025, the Court denied Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs without prejudice. The Court ordered Plaintiff to either pay the $405 filing fee in full, or file a fully-completed Application that was accompanied by the account statement required by 28 U.S.C. § 1915(a)(2). Plaintiff's response was due on April 7, 2025. On March 3, 2025, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs. To date, however, he has not filed the required account statement, sought additional time to do so, or attempted to explain why he cannot provide the required statement.

Section 1915(a)(2) requires prisoners seeking leave to proceed without prepayment of the filing fee to file the affidavit required by section 1915(a)(1), and a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint. As courts consistently note, Congress wrote section 1915 in mandatory terms. *See, e.g.*, *Samarripa v. Ormond*, 917 F.3d 515, 521 (6th Cir. 2019); *Edwards v. Neb. Dep't of Corr.*, 8:23-cv-0002- JFB, 2023 WL 2186984, at *1 (D. Neb. Feb. 23, 2023); *Aikens v. Osorio*, 3:22-cv-00312- MR, 2022 WL 3590349, at *1 (W.D.N.C. Aug. 22, 2022); *Ortega v. Phaneuf*,

1:19-cv-00893-JB, 2020 WL 4529334, at *1 (D.N.M. Apr. 8, 2020).  Additionally, this Court has the power to dismiss a litigant's cause of action when the litigant fails to comply with the Court's orders.  Fed. R. Civ. P. 41(b), *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1259 (8th Cir. 1997).

Based on the plain text of § 1915, without the account statement, the Court cannot grant Plaintiff's Application. *See* 28 U.S.C. § 1915(a)(2), (b)(1).  And the Court finds that Plaintiff's failure to comply with the February 20, 2025 Memorandum and Order warrants dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  Because the Court has the discretion to dismiss this action without prejudice, the Court concludes an appeal from this dismissal would not be taken in good faith.  *See Hutchins*, 116 F.3d at 1259; *see also Walker v. Galbreth*, 382 F. App'x 522 (8th Cir. 2010).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [13], is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate Order of Dismissal will be entered with this Memorandum and Order.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 29th day of April 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE