UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT M. BOWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00002-RHH |
| | ) | |
| EMILY UNKNOWN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Robert M. Bowman, a prisoner who is proceeding *pro se* and *in forma pauperis*, sues 14 jail officials and claims they subjected him to unconstitutional conditions of confinement while he was a pretrial detainee at the Pike County Jail. The Court has conducted the required review of the complaint and will dismiss this action without further proceedings.

**I.      Legal Standard**

This Court is required to review *in forma pauperis* and prisoner complaints, and must dismiss them if, among other reasons, they are frivolous or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372–73 (8th Cir. 2016) (stating that the court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

This Court must liberally construe a layperson's complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That means that if the essence of the layperson's allegation is discernible, this Court should construe the complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even laypersons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (stating federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, this Court is not required to interpret procedural rules in ordinary civil litigation so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## II.    The Complaint

Plaintiff is currently incarcerated in the Southeast Correctional Center, but he filed the complaint along with some of his fellow detainees while he was incarcerated in the Pike County Jail. As explained in the Court's February 5, 2025, order, the other detainees were stricken from this action, and Plaintiff has continued prosecuting the case on his own behalf.

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against "Jail Supervisor Emily," Sergeants Schwak and Cameron, and 10 correctional officers. Plaintiff sues the defendants in their official and individual capacities and can be understood to identify them as

employees of the Pike County Jail. Plaintiff describes his claims as "Pretrial Detainees Jail's living conditions." (ECF No. 1 at 7). He alleges as follows.

On August 20, 2024, the sinks in all of the cells in A-pod did not have working cold water, the shower did not have functioning exhaust and would not turn off, there were puddles under the toilets and windows and mold in the shower and cells, and the pod was overcrowded. Next, Plaintiff writes: "Since 12-16-24 to 12-29-14 and still cannot get any Headache medicine and the Jail clearly stated on Kisok and tablets that was taking off med cart and put on canteen still hasn't been done." *Id.* at 3. Plaintiff told staff and filed grievances.

On December 20, 2024, two fellow inmates found hair on their trays and Plaintiff and other inmates found mold on the pineapple on their trays. Certain cells have mold in them and are "very nasty unsanitary to inmates in them cells." *Id.* at 4. Plaintiff filed a grievance about that and about a malfunctioning shower and toilet. He writes: "On Friday 12-20-24 after showed staff Sgrt. Schwak at 11:45 am 12:00 pm and through it in trash and asked to speak to someone higher up in jail and to replace bad food still nothing was done bye staff and no one higher up ever came." *Id.* (The Court quotes the complaint verbatim without noting or correcting any errors.).

On December 26, 2024, Plaintiff asked "staff in Bubble on Intercom in dayroom" to fax motions to the Pike County Circuit Court, but was told that it could wait until the next day. *Id.* at 4. Plaintiff claims that the Sheriff visited and listened to some inmates, but did nothing to fix the problems. Plaintiff claims "Emily Supervisor" will not come to talk or fix problems. *Id.* Plaintiff seeks injunctive and monetary relief.

### III. Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides a federal cause of action against officials acting under color of state law for damages caused by violations of federal constitutional or statutory rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). In other words, an individual officer "is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677.

### A. Individual-Capacity Claims

The Supreme Court has determined that the government may detain defendants before trial and "subject [them] to the restrictions and conditions of [a] detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Bell v. Wolfish*, 441 U.S. 520, 536–37 (1979). The Supreme Court has articulated two ways to determine whether conditions rise to the level of punishment. First, a plaintiff can show that his or her conditions of confinement were intentionally punitive. *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 907 (8th Cir. 2020) (citing *Bell*, 441 U.S. at 538–39). Second, in lieu of an "expressly demonstrated intent to punish," a plaintiff can "also show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Id.* If a court finds that conditions are arbitrary or excessive, it may infer that the purpose of the governmental action was unconstitutionally punitive. *Id.*

In this case, Plaintiff alleges no facts permitting the inference that the conditions of his confinement amounted to punishment. Plaintiff points to conditions in the facility as a whole, such as malfunctioning sinks and showers, mold and puddles in the cells, overcrowding, and lack of headache medicine. However, he does not allege he was subjected to those conditions for an

4

excessive amount of time, and he does not allege he was ever unable to shower or sleep, that he lacked adequate drinking water or food, or that he was deprived of medical care. There are simply no facts permitting the inference that Plaintiff was subjected to unconstitutionally punitive conditions.

Even Plaintiff had so alleged, this action would be dismissed because Plaintiff fails to allege facts showing how each named Defendant was directly involved in or personally responsible for harming him. Plaintiff alleges that "We all" have asked to speak to "Jail Supervisor Emily," but she "will not come and talk or fix problems that are addressed." (ECF No. 1 at 4). Plaintiff alleges no facts about how he tried to communicate with Jail Supervisor Emily, and he does not allege that he described any particular problem to her. Plaintiff also alleges that "A-4 just showed they also have mold growing around windows and toilets," and "On Friday 12-20-24 After showed staff Sgrt Schwak at 11:45 am 12:00 pm and through it in trash . . .". *Id.* Plaintiff does not allege that he personally interacted with Sgt. Schwak or tried to communicate any particular problem to him. Even if the Court were to infer that Plaintiff did personally communicate or interact with these Defendants, there are no facts from which the Court can infer that either of them did or failed to do anything to cause Plaintiff harm. The Court will not assume facts that Plaintiff has not alleged. *See Stone*, 364 F.3d at 914-15.

At best, Plaintiff's allegations against Jail Supervisor Emily and Sgt. Schwak are the sort of "unadorned, the-defendant-unlawfully-harmed-me" accusations that the Supreme Court has found deficient, and that this Court is not required to presume true. *Iqbal*, 556 U.S. at 678. And to the extent Plaintiff seeks to hold Jail Supervisor Emily and Sgt. Schwak liable because they held supervisory positions, such claims are not cognizable in these proceedings. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in *respondeat superior* are not

5

cognizable under § 1983).  Finally, Plaintiff makes no attempt to allege wrongdoing on the part of any other Defendant.  The Court finds that the complaint fails to state plausible individual-capacity claim against any named Defendant.

### B.  Official-Capacity Claims

Plaintiff's official-capacity claims fare no better.  An official-capacity section 1983 suit against a government official is the equivalent of naming the government entity that employs the official.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  In this case, Plaintiff's allegations establish that the Defendants were employed by Pike County.  Thus, to state a claim against the Defendants in their official capacities, Plaintiff must allege that a constitutional violation resulted from an official policy or unofficial custom of Pike County, or from a deliberately indifferent failure to train or supervise.  *Monell v. Dep't of Social Services*, 436 U.S. 658, 690–91 (1978); *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).  The instant complaint contains no such allegations.  The Court therefore finds that the complaint fails to state an official-capacity claim against any of the Defendants.

### C.  Claims on Behalf of Others

Throughout the complaint, Plaintiff demonstrates an intent to seek relief on behalf of other individuals.  However, Plaintiff lacks standing to bring claims on behalf of others.  *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties").  Further, while federal law authorizes plaintiff to plead and conduct his own case personally, 28 U.S.C. § 1654, he is not a licensed attorney and therefore may not represent other individuals in federal court.  *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986).

### IV. Conclusion

For all of the foregoing reasons, the Court finds that the complaint fails to state a claim upon which relief may be granted. The Court therefore must dismiss this action at this time. 28 U.S.C. § 1915(e)(2)(B). The Court has considered whether an appeal of this action would be taken in good faith. The Court finds there would be no non-frivolous basis to argue that Plaintiff's complaint stated a plausible claim for relief against any named Defendant in his or her individual or official capacity, or that Plaintiff should be permitted to bring claims on behalf of other Pike County Jail inmates. The Court will therefore certify that an appeal would not be taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will accompany this order.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 17th day of September 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE